In the Matter of JOHN CORBO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 18, 1980

## APPEARANCES OF COUNSEL

*Francis F. Doran (James R. Augenthaler* of counsel), for petitioner.

*Vincent F. Nicolosi* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on June 28, 1965. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the retired Justice of the Appellate Division to whom the issues were referred for hearing and report. The respondent, by letter of his counsel dated February 25, 1980, similarly requests that the report be confirmed.

The Referee found that the respondent pleaded guilty in the County Court, Suffolk County, to having offered a false instrument for filing in the second degree, in violation of section 175.30 of the Penal Law, a class A misdemeanor. The record reveals that the respondent had written a letter to the Probation Department stating that his brother-in-law was employed at a firm for which respondent was counsel. The brother-in-law, then a defendant in a pending criminal matter, was never employed at the firm.

After reviewing all of the evidence and the report of the Referee, we are in complete agreement with the findings contained in said report. Accordingly, the motion to confirm is granted.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the fact that the respondent wrote the letter in question after a long stay in the hospital during which time his brother-in-law took care of his wife and two children. We are also cognizant of the Referee's finding that the respondent had succumbed to family pressures, and was not otherwise inclined to file this false report, and are mindful of the respondent's recognition of the wrongful nature of his conduct as evidenced by his voluntary visit to the Probation Department after he had written this letter, informing them that the firm whose letterhead he had utilized to file this instrument was out of business.

Under the circumstances, it is our opinion that the respondent should be, and he hereby is, censured for his misconduct.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and LAZER, JJ., concur.